PAXTON et al. v. BRINTON et al.

(Circuit Court, E. D. Pennsylvania. December 23, 1903.)

No. 26.

1. PATENTS—ACCOUNTING FOR INFRINGEMENT—PROFITS.

On an accounting, in a suit for infringement of a patent for a machine, complainant is not entitled to an allowance for profits on parts furnished by defendants to replace those of machines previously sold, and for which it does not appear that any charge was made.

In Equity. Suit for infringement of patent. On exceptions to master's report.

Fraley & Paul, for complainants.
Joshua Pusey, for respondents.

DALLAS, Circuit Judge. Upon consideration of the proofs taken by the master on the accounting in this case, and of the arguments of counsel in support of and in opposition to the exceptions of the defendants to his report, I have reached the conclusion that one, and only one, of said exceptions is well taken. That exception is:

"(3) In reporting profits upon 12 pairs of pickers sold separately from the knitting machines, when it does not appear from the evidence that said pairs were sold or furnished at a profit."

The fact here stated seems to me to be unquestionable. Certainly some, and possibly all, of these pickers were furnished, in substitution for other pickers, without charge; and I cannot acquiesce in the plaintiffs' contention that there should be apportioned to them as much of the profits on the sales of the original machines to which they were applied as represents the profit on such pickers when sold by themselves. It is, no doubt, probable that the defendants supposed they derived some advantage from exchanging the one form of picker for the other; but I find no evidence that they actually realized the profit with which this contention seeks to charge them, and the claim that they did realize it appears to be founded merely upon conjecture.

In my opinion, the report of the master is in all other respects correct, and the grounds which adequately support the result at which he arrived have, I think, been sufficiently stated by him. He was right in directing the defendants to include in their account all needle shifters similar to "Brinton Exhibit B," which had been made, sold, or used by them, and also in sustaining the complainants' contention that they should be awarded the profit made by the defendants on each separate top picker mechanism, and in, accordingly, recommending a decree for $1,221.89, except as to the sum of $23.32, included therein as for profit on the 12 pairs of pickers hereinbefore

¶ 1. Accounting for profits by infringer of patent, see note to Brickill v. Mayor, etc., of City of New York, 50 C. C. A. 8.

See Patents, vol. 38, Cent. Dig. § 570.

especially referred to, to which extent, for the reasons already stated, said decree, if made as recommended, would be excessive.

And now, December 23, 1903, the third exception of the defendants to the report of the master is sustained, and the other exceptions thereto are dismissed. The form of decree reported by the master is amended so as to make the amount thereof $1,198.71, instead of $1,221.89, and, as so amended, it will be entered as the decree of the court.